**SO ORDERED: April 28, 2006.**



_____
**Basil H. Lorch III
United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| CARL EDMONDS, | ) | Case No.  05-00156-BHL-7 |
| | ) | |
| Debtor. | ) | |
| _____) | ) | |
| CARL EDMONDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No.  05-412 |
| | ) | |
| DELMARIE EDMONDS, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER OF DISMISSAL

This matter came before the Court on the on the **Complaint to Determine Dischargeability of Debt** filed by Carl Edmonds (the "Debtor") in the above-captioned bankruptcy case, on September 9, 2005.  The Debtor's ex-wife, Delmarie Edmonds (the "Defendant"), filed her **Answer to Complaint** and **Amended Answer to Complaint** on September 19 and 20, 2006, respectively.  On

April 12, 2006, the Court conducted a trial at which it heard testimony and took evidence, and the parties appeared in person and by counsel.

Factual Background

The Debtor and the Defendant entered into a Marital Dissolution Agreement (the "Agreement") on January 22, 2004. The Debtor agreed to make monthly payments on the trailer in which the Defendant would continue to live. Specifically, the Agreement obligated the Debtor to "pay the monthly payments due to Conseco Finance, it [sic] successors or assigns, and/or any other creditors who have a lien on the mobile home until such lien(s) are paid in full and full ownership of the trailer is vested in wife free and clear of any encumbrances of any kind by any third party creditor...." The Agreement also set forth that "when one party is required by the terms of this agreement to assume responsibility for paying certain debts...said obligation shall be deemed to be a support obligation pursuant to 11 U.S.C. § 523(5) [sic] which is not dischargeable in bankruptcy court as to the other party.

The Debtor stopped making the payments and the lender instituted a foreclosure action on the property. To stop the foreclosure and avoid losing the trailer, the Defendant borrowed approximately $40,000.00 from her father and paid off the balance of the loan. Her father did not take a lien on the property.

In September of 2005, the Debtor brought this action to determine the dischargeability of the debt on the trailer, arguing that the obligation was, notwithstanding the language in the Agreement, in the nature of a property settlement and therefore dischargeable pursuant to 11 U.S.C. § 523(a)(15).

Discussion

By the terms of the Agreement, the Debtor was obligated to make payments on the debt

2

secured by the trailer only "until such lien(s) are paid in full and full ownership of the trailer is vested in [his] wife free and clear of any encumbrances of any kind by any third party creditor...." By paying off the debt to the lender with the funds given to her by her father, who did not in turn secure those funds with a lien on the trailer, the Defendant acquired full ownership of the trailer "free and clear of any encumbrances of any kind by any third party creditor." Consequently the Debtor was relieved of his obligation to make payments to creditors who have a lien on the mobile home.

## Conclusion

Therefore, there being no debt on the trailer upon which the Debtor is obligated to make payments, the question of dischargeability is moot. It would be inappropriate for the Court to express an opinion as to whether the debt in question is in the nature of support (and thus enforceable by contempt in state court) or a property settlement. There is no longer a bankruptcy issue and therefore no jurisdiction. Accordingly, the Court finds that he above-captioned adversary proceeding should be, and hereby is **DISMISSED**.

###

3